## FAILURE TO PROVIDE NOT ALONE GROUND FOR DIVORCE.

Common Pleas Court of Hamilton County.

GLADYS LA F. BERRY v. EDWARD M. BERRY.

Decided, February 2, 1915.

*Divorce and Alimony—Gross Neglect of Duty Not Shown by Mere Failure to Provide—Nor by Mere Absence—Indignity, Aggravation or Insult to Wife Not a Consequence of Husband's Refusal to Work.*

Mere failure to provide does not constitute ground for divorce in this state, where not accompanied by such circumstances of aggravation or indignity as would warrant it being termed gross neglect of duty.

*Charles L. Hopping,* for plaintiff.
*John W. Weinig,* contra.

HOFFMAN (C. W.), J.

This is an action for divorce. Plaintiff and defendant were married on the thirtieth day of March, 1912. No children were born as an issue of said marriage. The petition contains the following allegations:

"For a cause of action plaintiff says that the defendant has been guilty of gross neglect of his duty toward her as his wife, he having failed, refused and neglected, without any reasonable or proper cause, to so exert himself and employ his time in such manner as was necessary to earn sufficient money to provide her and their home with the common necessaries of life and comfort, although he has been physically able at all times since their marriage so to do.

"Plaintiff says that because of the defendant's reckless, careless and dilatory habits of life she has been dependent upon her own efforts and the charity of her mother and her friends for food, clothing and shelter, the defendant being so careless and neglectful of his marital duties as to cause their eviction from their place of abode and to permit and suffer the loss of their household furniture and small belongings.

"Plaintiff says that by reason of said defendant's failure to properly provide for her, she has been greatly humiliated and has been compelled to separate herself from him."

The evidence discloses that the defendant is twenty-three years of age, and that the plaintiff was separated from him for seven months previous to the filing of the petition. The plaintiff says that she separated from him because "he would not work and provide for her." For six months previous to the separation defendant was employed by an express company. Plaintiff says that he lost his position "through talking too much," and that this caused her to go back to her mother. The plaintiff, when asked as to the habits of her husband, replied that he simply would not work or provide for her, and that he did not care to work. Defendant has contributed nothing toward the support or maintenance of plaintiff during the seven months of their separation. The plaintiff is now living with her mother, and says that she is paying her mother for boarding her.

There is no evidence to the effect that plaintiff was humiliated, other than that she was humiliated because her husband did not provide for her support and maintenance. Evidence was introduced showing that defendant was able to work and properly support his wife.

Whatever may be the philosophy upon which individual ideas concerning marriage and divorce are based, it is certain that the state, expressing itself by means of laws enacted by the General Assembly, has not deemed it wise to make "failure to provide" a cause for divorce. It is the function of the state and not that of the courts to determine the causes for which a divorce may be granted. The judge may refuse to grant a divorce even though the evidence sustains one of the causes mentioned in the statute; on the other hand, the court is without jurisdiction to grant a divorce unless the allegations of the petition and the evidence shows that a cause of action under one or more of the causes for divorce named in the statute.

It is provided in Section 11979 of the General Code that one of the causes for which a divorce may be granted is "any gross neglect of duty."

To hold that there is no distinction between "failure to provide" and "gross neglect of duty" would be not only misinterpreting the law, but would amount to permitting, practically, voluntary separation.   In a case in which the facts were not so strong as in the present case Judge Avery says that "To hold that a cause of divorce is made out upon the evidence would be straining the law, nay, more, would be openly misinterpreting it.   Gross neglect of duty, as must so often be repeated, is not mere failure to provide."   *Nichols* v. *Nichols,* 8 W. L. B., 88.

In construing the divorce laws, confusion has often arisen in the failure to distinguish willful absence from gross neglect of duty.   One of the parties may be willfully absent, and this may amount to a total failure to provide.   A divorce could not be granted in this instance, unless the absence was for three years.   If a total failure to provide were construed as meaning gross neglect, there would be little necessity for making absence a ground for divorce.   In the case of *Nichols* v. *Nichols,* 8 W. L. B., 88, above mentioned, Judge Avery in this connection says:

"Whatever uncertainty may attend the definition of gross neglect of duty, it is certain that it does not consist in a husband's merely absenting himself from his wife, without afterward receiving any support from him.   Not that this might not be a neglect of his duty to cleave to her, and in ordinary language gross neglect.   But in classifying the ground for divorce, 'willful absence' is assigned as a separate cause, and what is a part of, or consequence of willful absence belongs to that head and not the head of 'gross neglect of duty.'   Willful absence may include not only withdrawal of the presence of the husband, but of all communication with, or provision by him; the one is a part of, or a consequence of the other.   It does not become more than willful absence, because meanwhile nothing has been contributed to the wife's support.   The law of divorce has certainly not been left by the Legislature in such a state, that it may be made to adjust itself to whatever is named, in the complaint for divorce as the cause; and that part of a cause, under one head, will become full cause under another."

In the Nichols case the mother of the wife testified that the defendant "was a very nice man, not cross or anything, only not feeling obliged to work.

In the case at bar the mother of the plaintiff, when asked as to the conduct of the defendant toward her daughter during their married life, said: "The only thing with him, he absolutely refused to work. He said he did not intend to support any woman, and in their married life, I had to support them." She further said, when asked if she knew of any reason why the parties should not have gotten along, that she knew of no reason at all if the defendant would only have worked.

The word "gross" in the phrase "gross neglect of duty" is not merely superfluous. It is significant of the character of the neglect of duty that warrants a divorce. It does not mean a partial or a total neglect of duty; it is more than either of these facts.

"The term 'gross' used in the statute in describing the kind of neglect of duty which makes a cause of action, was intended to express something; this is not a redundant word; it means gross neglect, not mere neglect or partial neglect or even total neglect of duty. It means more than either of these conditions of fact. This has been decided so often that it is almost a work of supererogation to decide again." *In re Gross Neglect*, 8 O. D., 701.

Failure to provide may be one of the facts that enter into gross neglect of duty. The petition then must allege and the evidence prove, not only failure to provide, but accompanying circumstances of indignity, aggravation or insult. These circumstances, it will be observed, are something more than the circumstances usually incident to the failure to provide.

"To constitute gross neglect of duty there must not only be a default, but default must be attended with circumstances of indignity and aggravation." *Tibergheim* v. *Tibergheim*, 8 W. L. B., 89.

"Total failure to provide accompanied by absence of complainant but not accompanied by circumstances of indignity, aggravation or insult can only constitute a cause of action when it has continued for three years and then it is willful desertion." *In re Gross Neglect*, 8 O. D., 701.

"The expression 'gross neglect of duty' is indefinite, and it is difficult to lay down any general rule by which every case can be determined to be within or without its limits. That each case must be examined by itself and yet an examination of the whole body of the divorce act will suggest certain things as to the legislative intent of this expression. And, first, it is not mere neglect of marital duty. The adjective 'gross,' whatever may be said of it as a mere term of vituperation in other relations, here has legal force as descriptive of the conduct of the party neglecting duty. If it were not so, and any mere neglect of duty were ground for divorce, the aid of the courts might as well be abandoned and voluntary separation permitted. There must not only be a default, but the default must be attended with circumstances of indignity or aggravation." *Smith* v. *Smith,* 22 Kans., 699.

As conceived by the court it is the policy of this state, as evidenced by its divorce laws, to discourage hasty separation for trivial causes. A divorce can not be granted within less than six weeks from the time of the filing of the petition; willful absence must be for three years; non-support unaccompanied by circumstances of aggravation is not a cause for legal separation. The door of hope is held open for a time in order that a reconciliation may be effected and happiness again enter the home. The state affords the parties the opportunity to reflect and, possibly, to finally recognize the inexorable demands of marriage "for patience and self-control, for loyalty through sorrow and sickness, through misfortune and aging years." Thus, in a measure, the welfare of the individual and the security of the family and the state may be maintained.

In the case at bar the court does not find that the failure to provide on the part of the defendant has been accompanied by such circumstances of aggravation or indignity as would warrant its being termed "gross neglect of duty."

The petition is therefore dismissed.